PER CURIAM.
Judy A. Cuiffo appeals a final order of the circuit court, sitting in probate, dismissing her counterpetition for construction of the will of Ruby Louise Boyd on the grounds that appellant’s interest and that of the estate of William H. Boyd, her father, were the same. William and Ruby Boyd, his third wife, were murdered, presumably dying simultaneously, during the commission of an armed robbery. William’s will contained the usual presumption that Ruby survived her husband. However, Ruby’s will had a provision that upon her death, the marital homestead and some twenty-five acres upon which it sat were to go to William for the remainder of his life. There was no residual beneficiary provision. It did, however, have the language:
The homeplace is not to be sold or rented for income until the death of William Herman Boyd, and then at his discretion as to who is the most desirable person to own it.
While appellant is nowhere named in Ruby’s will, she is a named beneficiary in William’s will. The position taken by her counterpetition is that she is a direct beneficiary of Ruby’s estate, not merely a derivative beneficiary through the estate of William and that her rights are thus different than those that would be advocated by the estate of William. She thus contends it was error for the trial court to dismiss her counterpetition on the grounds that her interest was the same as that of the estate. We agree, and reverse and remand accordingly.
We find that appellant has standing to assert her position as a purported beneficiary of the estate of Ruby Boyd. We further hold that her interests were not necessarily the same as that of the estate of William Herman Boyd, or that the estate was the sole entity to advocate those interests.
Accordingly, we find that the trial court erred in dismissing her counterpetition, and reverse and remand so that said counter-petition may be reinstated, and further proceedings conducted thereon.
REVERSED AND REMANDED.
STONE, WARNER and POLEN, JJ., concur.